FILED

UNITED STATES DISTRICT COURT NOV 17 PM 2: 38
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA
CASE NO.: 6: 10-CV-1708-ORL-22GJK

MARQUITA PRIMM,

      Plaintiff,

vs.

SHELL OIL COMPANY, PENNZOIL-QUAKER
STATE COMPANY d/b/a SOPUS PRODUCTS,
BWAY CORPORATION, and BWAY HOLDING
COMPANY,

      Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, MARQUITA PRIMM, by and through her undersigned attorneys, and sues the Defendants, SHELL OIL COMPANY (hereinafter "SHELL"), a foreign corporation, PENNZOIL-QUAKER STATE COMPANY d/b/a SOPUS PRODUCTS (hereinafter "SOPUS"), a foreign corporation, BWAY CORPORATION (hereinafter "BWAY"), a foreign corporation, and BWAY HOLDING COMPANY (hereinafter "BWAY HOLDING"), a foreign corporation, and for cause of action alleges and avers as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1)    This is an action for damages which exceed the sum of Fifteen Thousand Dollars (15,000.00), exclusive of costs and interest and which is otherwise within the subject matter jurisdiction of this Court.

2)    At all times material hereto, the Defendant, SHELL, was and is a foreign

corporation and has in the past and continues to operate, conduct, engage in and carry on a business or business ventures in the State of Florida, directly and/or through its agents, jobbers, brokers, distributors, retailers, subsidiary or affiliated corporations or other intermediaries, and knowingly placed products it manufactured and/or distributed in the United States into the stream of commerce with the foreseeable expectation that such products, including the 16 ounce can of Fix-A-Flat tire inflator/sealant with the identifying number 0835_ AT 0839 that is the subject of this lawsuit, would reach consumers or users of the products in the State of Florida.[1] Additionally, or alternatively, the Defendant has at all times material hereto engaged in substantial and not isolated business activity within the State of Florida, and accordingly is subject to the jurisdiction of this Court pursuant to Florida Statute §48.181 and/or §48.193.

3)    At all times material hereto, the Defendant, SOPUS, was and is a foreign corporation and has in the past and continues to operate, conduct, engage in and carry on a business or business ventures in the State of Florida, directly and/or through its agents, jobbers, brokers, distributors, retailers, subsidiary or affiliated corporations or other intermediaries, and knowingly placed products it manufactured and/or distributed in the United States into the stream of commerce with the foreseeable expectation that such

---

[1]The identifying number on the bottom of the can is partially illegible because of damage that occurred when the can exploded. The fifth digit in the number could not be determined, and is shown in this Complaint by the symbol _. The remaining numbers and letters in the identifying code are believed to be accurate, but were also difficult to read because of damage to the can bottom. The can will be made available to Defendants for inspection in the usual course of discovery to confirm this information.

products, including the 16 ounce can of Fix-A-Flat tire inflator/sealant with the identifying number 0835_ AT 0839 that is the subject of this lawsuit, would reach consumers or users of the products in the State of Florida. Additionally, or alternatively, the Defendant has at all times material hereto engaged in substantial and not isolated business activity within the State of Florida, and accordingly is subject to the jurisdiction of this Court pursuant to Florida Statute §48.181 and/or §48.193.

4)     At all times material hereto, the Defendant, BWAY, was and is a foreign corporation and has in the past and continues to operate, conduct, engage in and carry on a business or business ventures in the State of Florida, directly and/or through its agents, jobbers, brokers, distributors, retailers, subsidiary or affiliated corporations or other intermediaries, and knowingly placed products it manufactured and/or distributed in the United States into the stream of commerce with the foreseeable expectation that such products, including the aerosol can  with the identifying number 0835_ AT 0839 in which Fix-A-Flat tire inflator/sealant that is the subject of this lawsuit was packaged, would reach consumers or users of the products in the State of Florida. Additionally, or alternatively, the Defendant has at all times material hereto engaged in substantial and not isolated business activity within the State of Florida, and accordingly is subject to the jurisdiction of this Court pursuant to Florida Statute §48.181 and/or §48.193.

5)     At all times material hereto, the Defendant, BWAY HOLDING, was and is a foreign corporation and has in the past and continues to operate, conduct, engage in and carry on a business or business ventures in the State of Florida, directly and/or through its

3

agents, jobbers, brokers, distributors, retailers, subsidiary or affiliated corporations or other intermediaries, and knowingly placed products it manufactured and/or distributed in the United States into the stream of commerce with the foreseeable expectation that such products, including the aerosol can with the identifying number 0835_ AT 0839 in which the Fix-A-Flat tire inflator/sealant that is the subject of this lawsuit was packaged, would reach consumers or users of the products in the State of Florida.  Additionally, or alternatively, the Defendant has at all times material hereto engaged in substantial and not isolated business activity within the State of Florida, and accordingly is subject to the jurisdiction of this Court pursuant to Florida Statute §48.181 and/or §48.193.

6)     That on or about July 17, 2009, the Plaintiff, MARQUITA PRIMM, was using the above-referenced can of Fix-A-Flat tire inflator/sealant manufactured and distributed by the Defendants at the 7-11 convenience store/gas station located at 7525 Osceola Polk Line Road, Davenport, Florida, when the can suddenly and unexpectedly exploded (the bottom of the can violently separated from the cylinder) causing serious permanent bodily injury to her.  The product was being used for its intended purposes and/or in a manner reasonably foreseeable by the Defendants, SHELL, SOPUS, BWAY, and BWAY HOLDING, when the injury to the Plaintiff, MARQUITA PRIMM, occurred.

7)     That the sudden and unexpected injury to the Plaintiff directly and proximately resulted from defects in the design and/or manufacture of the 16 ounce can of Fix-A-Flat tire inflator/sealant with the identifying number 0835_ AT 0839, and/or defective or inadequate warnings or instructions for its use as more particularly described hereinafter,

4

or directly and proximately resulted from defects in the design and/or manufacture of the product operating in conjunction with defective or inadequate warnings or instructions for its use.

## COUNT I
## STRICT LIABILITY CLAIM AGAINST SHELL OIL COMPANY

8)     The Plaintiff, MARQUITA PRIMM, adopts, realleges, and reavers the allegations contained in paragraphs 1 through 7 preceding, as if fully set forth herein, and for further cause of action alleges alid avers as follows:

9)     That at all times material hereto, the Defendant, SHELL, was engaged in the business of designing, manufacturing, testing, inspecting, promoting, advertising, and/or distributing products for commercial use, including the above-described 16 ounce can of Fix-A-Flat tire inflator/sealant with the identifying number 0835_ AT 0839, and expected that the products it designed, manufactured, tested, inspected, promoted, advertised, and/or distributed and placed in the stream of commerce, including the one that is the subject of this lawsuit, would reach users and consumers in the State of Florida, in the condition in which they were designed, engineered, manufactured, tested, inspected, and/or distributed.

10)     That the above-described can of Fix-A-Flat tire inflator/sealant was in a defective condition unreasonably dangerous to users of the product at the time it was designed, manufactured, shipped, and placed in the stream of commerce by the Defendant, SHELL, at the time it was sold to the Plaintiff, and at the time the Plaintiff, MARQUITA PRIMM, sustained injury while using it on July 17, 2009. The nature of the defective

conditions included, but were not limited to, the following:

a)   The can was defectively designed and manufactured in that it failed
     to have adequate structural integrity and/or material composition to
     withstand the normal stresses of the use for which it was intended,
     when the Defendant knew or should have known that reasonable
     design criteria for cans of this type required use of material of
     sufficient strength and durability to withstand the stresses to which it
     would be subjected, and adherance to manufacturing and quality
     control methods and practices that would prevent foreseeable defects
     from occurring;

b)   The can was defectively designed and manufactured such that it failed
     to have adequate and appropriate warnings of the potential hazards of
     structural failure during normal use, when the Defendant knew or
     should have known that the nature of the design and construction of
     the can could allow it to fail at points of stress under pressure without
     warning.

11)   That the above-described can of Fix-A-Flat tire inflator/sealant had not been
modified, altered, or misused at the time it caused injury to the Plaintiff, MARQUITA
PRIMM, and was in substantially the same condition it was at the time it was designed,
manufactured, tested, inspected, and/or distributed by the Defendant, SHELL.

12)   That the Plaintiff, MARQUITA PRIMM, was unaware of any defects in the

6

aforesaid can of Fix-A-Flat tire inflator/sealant or of any danger presented by using it in the manner in which it was being used it at the time it suddenly and unexpectedly caused injury to her.

13)     That as a direct and proximate result of the defective condition of the above-described can of Fix-A-Flat tire inflator/sealant, the Plaintiff, MARQUITA PRIMM, has suffered serious and permanent bodily injury, resulting pain and suffering, disability, permanent scarring and disfigurement, permanent loss of bodily function, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  All such damages and losses are either permanent or continuing in nature and the Plaintiff will suffer such losses indefinitely into the future.

WHEREFORE, the Plaintiff, MARQUITA PRIMM, demands judgment against the Defendant, SHELL, together with her costs in and about this suit expended, and demands trial by jury of all issues triable as a matter of right by jury.

## COUNT II
## NEGLIGENCE CLAIM AGAINST SHELL

14)     The Plaintiff, MARQUITA PRIMM, adopts, realleges, and reavers the allegations contained in paragraphs 1 through 7 preceding, and for further cause of action alleges and avers as follows:

15)     That at all times material hereto, the Defendant, SHELL, designed, manufactured, tested, inspected, promoted, advertised, and/or distributed the above-described can of Fix-A-Flat tire inflator/sealant and placed it into the stream of commerce for profit.

7

16)     That at all times material hereto, the Defendant, SHELL, had a duty to use reasonable care in the design, manufacture, engineering, testing, inspection, promotion, advertisement, and/or distribution of the above-described can of  Fix-A-Flat tire inflator/sealant so as to market a reasonably safe product, free of defects.

17)     That the Defendant, SHELL, breached its duty of reasonable care and negligently designed, manufactured, engineered, tested, inspected, promoted, advertised, and/or distributed the above-described can of Fix-A-Flat tire inflator/sealant in the following respects:

a)      The can was negligently designed and manufactured in that it failed to have adequate structural integrity and/or material composition to withstand the normal stresses of the use for which it was intended, when the Defendant knew or should have known that reasonable design criteria for cans of this type required use of material of sufficient strength and durability to withstand the stresses to which it would be subjected, and adherance to manufacturing and quality control methods and practices that would prevent foreseeable defects from occurring;

b)      The can was negligently designed, manufactured, and tested such that it failed to have adequate and appropriate warnings of the potential hazards of structural failure during normal use, when the Defendant knew or should have known that the nature of the design and

8

construction of the can could allow it to fail at points of stress under

pressure without warning.

18)     That as a direct and proximate result of the negligence of the Defendant,

SHELL, as aforesaid, the Plaintiff, MARQUITA PRIMM, has suffered serious and

permanent bodily injury, resulting pain and suffering, disability, permanent scarring and

disfigurement, permanent loss of bodily function, mental anguish, loss of capacity for the

enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss

of ability to earn money, and aggravation of a previously-existing condition.  All such

damages and losses are either permanent or continuing in nature and the Plaintiff will suffer

such losses indefinitely into the future.

WHEREFORE, the Plaintiff, MARQUITA PRIMM, demands judgment against the

Defendant, SHELL, together with her costs in and about this suit expended, and demands

trial by jury of all issues triable as a matter of right by jury.

## COUNT III
## STRICT LIABILITY CLAIM AGAINST PENNZOIL-QUAKER STATE
## COMPANY
## d/b/a SOPUS PRODUCTS

19)     The Plaintiff, MARQUITA PRIMM, adopts, realleges, and reavers the

allegations contained in paragraphs 1 through 7 preceding, as if fully set forth herein, and for

further cause of action alleges and avers as follows:

20)     That at all times material hereto, the Defendant, SOPUS, was engaged in the

business of designing, manufacturing, testing, inspecting, promoting, advertising, and/or

distributing products for commercial use, including the above-described 16 ounce can of Fix-

A-Flat tire inflator/sealant with the identifying number 0835_ AT 0839, and expected that the said products it designed, manufactured, tested, inspected, promoted, advertised, and/or distributed and placed in the stream of commerce, including the one that is the subject of this lawsuit, would reach users and consumers in the State of Florida, in the condition in which they were designed, engineered, manufactured, tested, inspected, and/or distributed.

21)     That the above-described can of Fix-A-Flat tire inflator/sealant was in a defective condition unreasonably dangerous to users of the product at the time it was designed, manufactured, shipped, and placed in the stream of commerce by the Defendant, SOPUS, at the time it was sold to the Plaintiff, and at the time the Plaintiff, MARQUITA PRIMM, sustained injury while using it on July 17, 2009. The nature of the defective conditions included, but were not limited to, the following:

a)     The can was defectively designed and manufactured in that it failed to have adequate structural integrity and/or material composition to withstand the normal stresses of the use for which it was intended, when the Defendant knew or should have known that reasonable design criteria for cans of this type required use of material of sufficient strength and durability to withstand the stresses to which it would be subjected, and adherance to manufacturing and quality control methods and practices that would prevent foreseeable defects from occurring;

b)     The can was defectively designed and manufactured such that it failed

10

to have adequate and appropriate warnings of the potential hazards of structural failure during normal use, when the Defendant knew or should have known that the nature of the design and construction of the can could allow it to fail at points of stress under pressure without warning.

22)    That the above-described can of Fix-A-Flat tire inflator/sealant had not been modified, altered, or misused at the time it caused injury to the Plaintiff, MARQUITA PRIMM, and was in substantially the same condition it was at the time it was designed, manufactured, tested, inspected, and/or distributed by the Defendant, SOPUS.

23)    That the Plaintiff, MARQUITA PRIMM, was unaware of any defects in the aforesaid can of Fix-A-Flat tire inflator/sealant or of any danger presented by using it in the manner in which it was being used it at the time it suddenly and unexpectedly caused injury to her.

24)    That as a direct and proximate result of the defective condition of the above-described can of Fix-A-Flat tire inflator/sealant, the Plaintiff, MARQUITA PRIMM, has suffered serious and permanent bodily injury, resulting pain and suffering, disability, permanent scarring and disfigurement, permanent loss of bodily function, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. All such damages and losses are either permanent or-continuing in nature and the Plaintiff will suffer such losses indefinitely into the future.

WHEREFORE, the Plaintiff, MARQUITA PRIMM, demands judgment against the Defendant, SOPUS, together with her costs in and about this suit expended, and demands trial by jury of all issues triable as a matter of right by jury.

## COUNT IV
## NEGLIGENCE CLAIM AGAINST PENNZOIL-QUAKER STATE COMPANY
## d/b/a SOPUS PRODUCTS

25)     The Plaintiff, MARQUITA PRIMM, adopts, realleges, and reavers the allegations contained in paragraphs 1 through 7 preceding, and for further cause of action alleges and avers as follows:

26)     That at all times material hereto, the Defendant, SOPUS, designed, manufactured, tested, inspected, promoted, advertised, and/or distributed the above-described can of Fix-A-Flat tire inflator/sealant and placed it into the stream of commerce for profit.

27)     That at all times material hereto, the Defendant, SOPUS, had a duty to use reasonable care in the design, manufacture, engineering, testing, inspection, promotion, advertisement, and/or distribution of the above-described can of  Fix-A-Flat tire inflator/sealant so as to market a reasonably safe product, free of defects.

28)     That the Defendant, SOPUS, breached its duty of reasonable care and negligently designed, manufactured, engineered, tested, inspected, promoted, advertised, and/or distributed the above-described can of Fix-A-Flat tire inflator/sealant in the following respects:

        a)     The can was negligently designed and manufactured in that it failed
               to have adequate structural integrity and/or material composition to

12

withstand the normal stresses of the use for which it was intended, when the Defendant knew or should have known that reasonable design criteria for cans of this type required use of material of sufficient strength and durability to withstand the stresses to which it would be subjected, and adherance to manufacturing and quality control methods and practices that would prevent foreseeable defects from occurring;

b)   The can was negligently designed, manufactured, and tested such that it failed to have adequate and appropriate warnings of the potential hazards of structural failure during normal use, when the Defendant knew or should have known that the nature of the design and construction of the can could allow it to fail at points of stress under pressure without warning.

29)   That as a direct and proximate result of the negligence of the Defendant, SOPUS, as aforesaid, the Plaintiff, MARQUITA PRIMM, has suffered serious and permanent bodily injury, resulting pain and suffering, disability, permanent scarring and disfigurement, permanent loss of bodily function, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of ability to earn money, and aggravation of a previously-existing condition. All such damages and losses are either permanent or continuing in nature and the Plaintiff will suffer such losses indefinitely into the future.

13

WHEREFORE, the Plaintiff, MARQUITA PRIMM, demands judgment against the Defendant, SOPUS, together with her costs in and about this suit expended, and demands trial by jury of all issues triable as a matter of right by jury.

## COUNT V
## STRICT LIABILITY CLAIM AGAINST BWAY CORPORATION

30)    The Plaintiff, MARQUITA PRIMM, adopts, realleges, and reavers the allegations contained in paragraphs 1 through 7 preceding, as if fully set forth herein, and for further cause of action alleges and avers as follows:

31)    That at all times material hereto, the Defendant, BWAY, was engaged in the business of designing, manufacturing, testing, inspecting, promoting, advertising, and/or distributing products for commercial use, including the aerosol can with the identifying number 0835_ AT 0839 in which the Fix-A-Flat tire inflator/sealant that is the subject of this lawsuit was packaged, and expected that the products it designed, manufactured, tested, inspected, promoted, advertised, and/or distributed and placed in the stream of commerce, including the one that is the subject of this lawsuit, would reach users and consumers in the State of Florida, in the condition in which they were designed, engineered, manufactured, tested, inspected, and/or distributed.

32)    That the above-described aerosol can in which the   Fix-A-Flat tire inflator/sealant was packaged was in a defective condition unreasonably dangerous to users of the product at the time it was designed, manufactured, shipped, and placed in the stream of commerce by the Defendant, BWAY, at the time it was sold to the Plaintiff, and at the time the Plaintiff, MARQUITA PRIMM, sustained injury while using it on July 17, 2009.

14

The nature of the defective conditions included, but were not limited to, the following:

a)      The can was defectively designed and manufactured in that it failed to have adequate structural integrity and/or material composition to withstand the normal stresses of the use for which it was intended, when the Defendant knew or should have known that reasonable design criteria for cans of this type required use of material of sufficient strength and durability to withstand the stresses to which it would be subjected, and adherance to manufacturing and quality control methods and practices that would prevent foreseeable defects from occurring;

b)      The can was defectively designed and manufactured such that it failed to have adequate and appropriate warnings of the potential hazards of structural failure during normal use, when the Defendant knew or should have known that the nature of the design and construction of the can could allow it to fail at points of stress under pressure without warning.

33)      That the above-described aerosol can in which the    Fix-A-Flat tire inflator/sealant was packaged had not been modified, altered, or misused at the time it caused injury to the Plaintiff, MARQUITA PRIMM, and was in substantially the same condition it was at the time it was designed, manufactured, tested, inspected, and/or distributed by the Defendant, BWAY.

15

34)     That the Plaintiff, MARQUITA PRIMM, was unaware of any defects in the aforesaid can of Fix-A-Flat tire inflator/sealant or of any danger presented by using it in the manner in which it was being used it at the time it suddenly and unexpectedly caused injury to her.

35)     That as a direct and proximate result of the defective condition of the above-described can of Fix-A-Flat tire inflator/sealant, the Plaintiff, MARQUITA PRIMM, has suffered serious and permanent bodily injury, resulting pain and suffering, disability, permanent scarring and disfigurement, permanent loss of bodily function, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  All such damages and losses are either permanent or continuing in nature and the Plaintiff will suffer such losses indefinitely into the future.

WHEREFORE, the Plaintiff, MARQUITA PRIMM, demands judgment against the Defendant, BWAY, together with her costs in and about this suit expended, and demands trial by jury of all issues triable as a matter of right by jury.

## COUNT VI
## NEGLIGENCE CLAIM AGAINST BWAY CORPORATION

36)     The Plaintiff, MARQUITA PRIMM, adopts, realleges, and reavers the allegations contained in paragraphs 1 through 7 preceding, and for further cause of action alleges and avers as follows:

37)     That at all times material hereto, the Defendant, BWAY, designed, manufactured, tested, inspected, promoted, advertised, and/or distributed the above-described

16

aerosol can in which the Fix-A-Flat tire inflator/sealant was packaged and placed it into the stream of commerce for profit.

38)     That at all times material hereto, the Defendant, BWAY, had a duty to use reasonable care in the design, manufacture, engineering, testing, inspection, promotion, advertisement, and/or distribution of the above-described aerosol can so as to market a reasonably safe product, free of defects.

39)     That the Defendant, BWAY, breached its duty of reasonable care and negligently designed, manufactured, engineered, tested, inspected, promoted, advertised, and/or distributed the above-described aerosol can in which the    Fix-A-Flat tire inflator/sealant was packaged in the following respects:

> a)     The can was negligently designed and manufactured in that it failed to have adequate structural integrity and/or material composition to withstand the normal stresses of the use for which it was intended, when the Defendant knew or should have known that reasonable design criteria for cans of this type required use of material of sufficient strength and durability to withstand the stresses to which it would be subjected, and adherance to manufacturing and quality control methods and practices that would prevent foreseeable defects from occurring;
>
> b)     The can was negligently designed, manufactured, and tested such that it failed to have adequate and appropriate warnings of the potential

hazards of structural failure during normal use, when the Defendant knew or should have known that the nature of the design and construction of the can could allow it to fail at points of stress under pressure without warning.

40)     That as a direct and proximate result of the negligence of the Defendant, BWAY, as aforesaid, the Plaintiff, MARQUITA PRIMM, has suffered serious and permanent bodily injury, resulting pain and suffering, disability, permanent scarring and disfigurement, permanent loss of bodily function, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of ability to earn money, and aggravation of a previously-existing condition.  All such damages and losses are either permanent or continuing in nature and the Plaintiff will suffer such losses indefinitely into the future.

WHEREFORE, the Plaintiff, MARQUITA PRIMM, demands judgment against the Defendant, BWAY, together with her costs in and about this suit expended, and demands trial by jury of all issues triable as a matter of right by jury.

## COUNT VII
## STRICT LIABILITY CLAIM AGAINST BWAY HOLDING COMPANY

41)     The Plaintiff, MARQUITA PRIMM, adopts, realleges, and reavers the allegations contained in paragraphs 1 through 7 preceding, as if fully set forth herein, and for further cause of action alleges and avers as follows:

42)     That at all times material hereto, the Defendant, BWAY HOLDING, was engaged in the business of designing, manufacturing, testing, inspecting, promoting,

advertising, and/or distributing products for commercial use, including the aerosol can with the identifying number 0835_ AT 0839 in which the Fix-A-Flat tire inflator/sealant that is the subject of this lawsuit was packaged, and expected that the products it designed, manufactured, tested, inspected, promoted, advertised, and/or distributed and placed in the stream of commerce, including the one that is the subject of this lawsuit, would reach users and consumers in the State of Florida, in the condition in which they were designed, engineered, manufactured, tested, inspected, and/or distributed.

43)     That the above-described aerosol can in which the   Fix-A-Flat tire inflator/sealant was packaged was in a defective condition unreasonably dangerous to users of the product at the time it was designed, manufactured, shipped, and placed in the stream of commerce by the Defendant, BWAY HOLDING, at the time it was sold to the Plaintiff, and at the time the Plaintiff, MARQUITA PRIMM, sustained injury while using it on July 17, 2009. The nature of the defective conditions included, but were not limited to, the following:

a)     The can was defectively designed and manufactured in that it failed to have adequate structural integrity and/or material composition to withstand the normal stresses of the use for which it was intended, when the Defendant knew or should have known that reasonable design criteria for cans of this type required use of material of sufficient strength and durability to withstand the stresses to which it would be subjected, and adherance to manufacturing and quality

19

control methods and practices that would prevent foreseeable defects
from occurring;

b)      The can was defectively designed and manufactured such that it failed
to have adequate and appropriate warnings of the potential hazards of
structural failure during normal use, when the Defendant knew or
should have known that the nature of the design and construction of
the can could allow it to fail at points of stress under pressure without
warning.

44)     That the above-described aerosol can in which the    Fix-A-Flat tire
inflator/sealant was packaged had not been modified, altered, or misused at the time it caused
injury to the Plaintiff, MARQUITA PRIMM, and was in substantially the same condition it
was at the time it was designed, manufactured, tested, inspected, and/or distributed by the
Defendant, BWAY HOLDING.

45)     That the Plaintiff, MARQUITA PRIMM, was unaware of any defects in the
aforesaid can of Fix-A-Flat tire inflator/sealant or of any danger presented by using it in the
manner in which it was being used it at the time it suddenly and unexpectedly caused injury
to her.

46)     That as a direct and proximate result of the defective condition of the
above-described can of Fix-A-Flat tire inflator/sealant, the Plaintiff, MARQUITA PRIMM,
has suffered serious and permanent bodily injury, resulting pain and suffering, disability,
permanent scarring and disfigurement, permanent loss of bodily function, mental anguish,

20

loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. All such damages and losses are either permanent or continuing in nature and the Plaintiff will suffer such losses indefinitely into the future.

WHEREFORE, the Plaintiff, MARQUITA PRIMM, demands judgment against the Defendant, BWAY HOLDING, together with her costs in and about this suit expended, and demands trial by jury of all issues triable as a matter of right by jury.

**COUNT VIII**
**NEGLIGENCE CLAIM AGAINST BWAY CORPORATION**

47)     The Plaintiff, MARQUITA PRIMM, adopts, realleges, and reavers the allegations contained in paragraphs 1 through 7 preceding, and for further cause of action alleges and avers as follows:

48)     That at all times material hereto, the Defendant, BWAY HOLDING, designed, manufactured, tested, inspected, promoted, advertised, and/or distributed the above-described aerosol can in which the Fix-A-Flat tire inflator/sealant was packaged and placed it into the stream of commerce for profit.

49)     That at all times material hereto, the Defendant, BWAY HOLDING, had a duty to use reasonable care in the design, manufacture, engineering, testing, inspection, promotion, advertisement, and/or distribution of the above-described aerosol can so as to market a reasonably safe product, free of defects.

50)     That the Defendant, BWAY HOLDING, breached its duty of reasonable care and negligently designed, manufactured, engineered, tested, inspected, promoted, advertised,

21

and/or distributed the above-described aerosol can in which the   Fix-A-Flat tire inflator/sealant was packaged in the following respects:

    a)    The can was negligently designed and manufactured in that it failed to have adequate structural integrity and/or material composition to withstand the normal stresses of the use for which it was intended, when the Defendant knew or should have known that reasonable design criteria for cans of this type required use of material of sufficient strength and durability to withstand the stresses to which it would be subjected, and adherance to manufacturing and quality control methods and practices that would prevent foreseeable defects from occurring;

    b)    The can was negligently designed, manufactured, and tested such that it failed to have adequate and appropriate warnings of the potential hazards of structural failure during normal use, when the Defendant knew or should have known that the nature of the design and construction of the can could allow it to fail at points of stress under pressure without warning.

51)    That as a direct and proximate result of the negligence of the Defendant, BWAY HOLDING, as aforesaid, the Plaintiff, MARQUITA PRIMM, has suffered serious and permanent bodily injury, resulting pain and suffering, disability, permanent scarring and disfigurement, permanent loss of bodily function, mental anguish, loss of capacity for the

enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of ability to earn money, and aggravation of a previously-existing condition. All such damages and losses are either permanent or continuing in nature and the Plaintiff will suffer such losses indefinitely into the future.

WHEREFORE, the Plaintiff, MARQUITA PRIMM, demands judgment against the Defendant, BWAY HOLDING, together with her costs in and about this suit expended, and demands trial by jury of all issues triable as a matter of right by jury.

DATED this 17th day of November, 2010.

Michael K. Bailey, Esquire
Florida Bar No.: 0326232
BAILEY & MYERS, P.A.
875 Concourse Parkway South, Suite 195
Maitland, Florida 32751
(407) 628-2929 (telephone)
(407) 628-3909 (facsimile)
Email: mbailey@baileymyers.com
Trial Counsel for Plaintiff